IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| SHANIKA BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:12CV830 |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Defendant Commonwealth of Virginia, Virginia Department of Social Services, Division of Child Support Enforcement ("VDSS"), by counsel, files this Memorandum of Law in Support of their Motion to Dismiss.  the Complaint should be dismissed because the claim contained in the Complaint is barred by the Eleventh Amendment.

**Facts**

The Complaint alleges various violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, by the VDSS.  The plaintiff alleges that, notwithstanding the fact that VDSS became involved with the plaintiff because of her failure to pay a mere $65.00 per month to assist in the care of her children, VDSS did not perform an adequate investigation of her alleged complaints and is liable under various subparts of FCRA.  The plaintiff seeks damages for credit damage, damages to reputation, humiliation, embarrassment, other mental and emotional distress, statutory damages, punitive damages, costs, and attorney's fees.  Because Congress never

abrogated the Eleventh Amendment under the FCRA, the plaintiff's claim is barred and this case should be dismissed as to VDSS.

## Legal Standard

Under Rule 12(b)(6), the Court's analysis focuses upon the facts alleged in the Amended Complaint. At this stage, a court accepts all the properly pled allegations of the Amended Complaint as true and construes all facts in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Chaudry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999). But a court "need not accept as true mere legal conclusions couched as factual allegations." *Assa'Ad-Faltas v. Comm. of Va.,* 738 F. Supp. 982, 985 (E.D. Va. 1989) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is also permitted to consider matters on the public record in connection with a motion to dismiss without converting the motion to one for summary judgment, and the court is also entitled to take judicial notice of pleadings filed among its own records. *See Papasan*, 478 U.S. at 268 n.1; *Norfolk Federation of Business Dist. v. H.U.D.,* 932 F.Supp. 730, 736 (E.D.Va.), *aff'd.,* 103 F.3d 119 (table) (4th Cir.1996).

## Argument

The Eleventh Amendment bars a private individual from suing a state in federal court. *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 363 (2001). The Eleventh Amendment bars "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the University of California v. Doe,* 519 U.S. 425, 429 (1997). This suit is brought against the Commonwealth and one of its instrumentalities. Compl. ¶ 5.

Congress has not abrogated Eleventh Amendment immunity with regard to the FCRA. In *Betts v. Va. Empl. Comm'n*, 2007 U.S. Dist. LEXIS 10109 (E.D.Va. Feb. 2 2007), this Court found that a FCRA claim against a Virginia state agency was barred by the Eleventh Amendment to the Constitution.[1] Specifically, the *Betts* Court found that Congress did not abrogate state's immunity

At least three other federal courts examining this question have also dismissed FCRA claims brought against states or state agencies on Eleventh Amendment grounds. In *Sorrell v. Illinois Student Assistance Comm'n*, 314 F. Supp.2d 813 (C.D. Ill. 2004), the district court, adopting the reasoning of two other courts (discussed below) dismissed a FCRA claim against a state agency on Eleventh Amendment grounds because the FCRA was enacted by Congress under its powers pursuant to the Commerce Clause, not section 5 of the Fourteenth Amendment. *Id.* at 817. Consequently, the Eleventh Amendment bar remains and FCRA claims brought against states or state entities are barred. *Id.* (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 59 (1996)).

In so holding, the *Sorrell* court adopted the reasoning of a district court from the Southern District of New York, which held in *O'Diah v. New York City*, 2002 U.S. Dist. Lexis 15507, at * 27-28 (S.D.N.Y. 2002) that the Eleventh Amendment bars FCRA claims. A third district court, *Richmond v. TRW Info Services Div.*, 1997 U.S. Dist. Lexis 11559, at *9, (S.D. Cal. 1997), also dismissed FCRA claims against a state and a public agency on Eleventh Amendment grounds. Based on all of these decisions, it is clear that FCRA claims cannot be maintained against a state or a state agency. Consequently, this case should be dismissed against VDSS with prejudice.

---

[1] This citation is Magistrate Judge Dohnal's Report and Recommendation which was adopted by the District Court Judge Hudson on February 26, 2007.

## Conclusion

For the reasons stated above, Defendant VDSS asks that this Court dismiss the claims against it with prejudice.

                                                  Respectfully submitted,

                                                  COMMONWEALTH OF VIRGINIA,
VIRGINIA DEPARTMENT OF
SOCIAL SERVICES, DIVISION OF
CHILD SUPPORT ENFORCEMENT

By:_____/s/_____

Kenneth T. Cuccinelli, II
Attorney General

Patricia L. West
Chief Deputy Attorney General

Wesley G. Russell, Jr.
Deputy Attorney General

John D. Gilbody (VSB No. 42788)*
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
(804) 786-2071
(804) 371-2087 (fax)
JGilbody@oag.state.va.us
*Counsel of Record*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December, 2012, I filed a copy of the foregoing document using the Court's ECM/ECF filing system, which will send electronic notification to the following e-filing users:

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
703-251-5400
Fax: 703-591-9285

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662

_____/s/_____
John D. Gilbody (VSB No. 42788)
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-2071
(804) 371-2087 (fax)
JGilbody@oag.state.va.us
*Counsel for the Defendant*