IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHANIKA K. BOYD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 3:12cv830 |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | |

### DEFENDANT TRIDENT ASSET MANAGEMENT, LLC'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Trident Asset Management, LLC ("Trident" and/or "Defendant"),

Defendant in the above-referenced action and files this Answer in response to the Plaintiff's

Complaint as follows:

### JURISDICTION

1.      The statement contained in Paragraph 1 of Plaintiff's Complaint relates to a legal

conclusion to which Defendant is under no known obligation to respond.  To the extent a

response is required, Defendant lacks knowledge or information sufficient to form a belief as to

the statement contained in Paragraph 1 of Plaintiff's Complaint.

2.      The statement contained in Paragraph 2 of Plaintiff's Complaint relates to a legal

conclusion to which Defendant is under no known obligation to respond.  To the extent a

response is required, Defendant lacks knowledge or information sufficient to form a belief as to

the statement contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

5.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

6.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

15.     Trident admits its status as a limited liability company and that its principal place of business is located in Alpharetta, Georgia.  Trident admits that in certain circumstances it may meet the definition of a "debt collector" as that term is defined under the FDCPA.  Defendant lacks knowledge or information sufficient to form a belief as to whether it meets such definition with respect to Plaintiff's account.  Defendant additionally admits that it is a "furnisher" as it understands such term to be used with respect to the FCRA.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

## FACTS

17.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's Complaint as such allegations are not directed to this Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's Complaint as such allegations are not directed to this Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Complaint as such allegations are not directed to this Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Complaint as such allegations are not directed to this Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained Paragraph 43 of Plaintiff's Complaint as such allegations are not directed

to this Defendant.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

### COUNT ONE:  VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b(f)
(RJM, TRIDENT and CAVALRY)

44.    The statement contained in Paragraph 44 of Plaintiff's Complaint requires no response on the part of Defendant.  To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint with respect to Trident.  Trident did not obtain or use Plaintiff's credit report.

46.    Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint as to Trident.

47.    Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as to Trident.

48.    Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint as to Trident.

### COUNT TWO:  VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b
(EQUIFAX, EXPERIAN and TRANS UNION)

49.    The statement contained in Paragraph 49 of Plaintiff's Complaint requires no response on the part of Defendant.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(a)
(EQUIFAX, EXPERIAN and TRANS UNION)

54.     The statement contained in Paragraph 54 of Plaintiff's Complaint requires no response on the part of Defendant.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681e(B)
(EQUIFAX, EXPERIAN and TRANS UNION)

59.     The statement contained in Paragraph 59 of Plaintiff's Complaint requires no response on the part of Defendant.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681a(1)
(EQUIFAX, EXPERIAN and TRANS UNION)

64.     The statement contained in Paragraph 64 of Plaintiff's Complaint requires no response on the part of Defendant.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT SIX:  VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)(2)(A)
(EQUIFAX, EXPERIAN and TRANS UNION)

69.     The statement contained in Paragraph 69 of Plaintiff's Complaint requires no response on the part of Defendant.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

73.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i(a)(4)
(EQUIFAX, EXPERIAN and TRANS UNION)

74.   The statement contained in Paragraph 74 of Plaintiff's Complaint requires no response on the part of Defendant.

75.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

76.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

77.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

78.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT EIGHT:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681I(a)(5)(A)
(EQUIFAX, EXPERIAN and TRANS UNION)

79.   The statement contained in Paragraph 79 of Plaintiff's Complaint requires no response on the part of Defendant.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of Plaintiff's Complaint as such allegations are not directed to this Defendant.

COUNT NINE:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681s-2(b)(1)(A)
(EQUIFAX, EXPERIAN and TRANS UNION)

84.     The statement contained in Paragraph 84 of Plaintiff's Complaint requires no response on the part of Defendant.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint are denied as to Trident.

86.     Defendant admits that it received a dispute through the e-OSCAR system regarding Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Defendant admits that it processes disputes received through the e-OSCAR system using the Automated Consumer Dispute Verification ("ACDV") format.

12

88.     Defendant admits that it processes disputes received through the e-OSCAR system using the Automated Consumer Dispute Verification ("ACDV") format.

89.     Defendant admits that it has not complained to any credit reporting agency regarding the information contained on any ACDV as it relates to the instant matter.

90.     To the extent Trident contacted any CRA regarding Plaintiff's dispute, Trident had no need to do so.

91.     Defendant admits that it processed an ACDV with respect to Plaintiff.

92.     Trident admits that it reported Plaintiff's account as disputed in the ACDV.

93.     Trident admits that it reported Plaintiff's account as disputed in the ACDV. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     The allegations contained in Paragraph 94 of Plaintiff's Complaint are denied as to Trident.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint are denied as to Trident.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint as to Trident.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint as to Trident.

98.     The statement contained in Paragraph 98 of Plaintiff's Complaint relates to a legal conclusion to which Defendant is under no known obligation to respond.

99.     To the extent Trident itself is aware of the specific case law identified in Paragraph 99 of Plaintiff's Complaint, the allegation contained in Paragraph 99 of Plaintiff's Complaint is denied.

100.    The allegations contained in Paragraph 100 of Plaintiff's Complaint are admitted.

101.    Defendant Trident is not aware of any mistake at this time.

102.    Defendant denies any such "failure" as alleged in Paragraph 102 of Plaintiff's Complaint. As such, the allegations contained in Paragraph 102 of Plaintiff's are denied.

103.    The allegations contained in Paragraph 103 of Plaintiff's Complaint are denied as to Trident.

104.    The allegations contained in Paragraph 104 of Plaintiff's Complaint are denied as to Trident.

COUNT TEN:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681s-2(b)(1)(B)
(DCSE, RJM, TRIDENT, PRO ACCOUNT MANAGEMENT, CREDIT COLLECTION)

105.    The statement contained in Paragraph 105 of Plaintiff's Complaint requires no response on the part of Defendant.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    Defendant admits that it uses the e-OSCAR system.

108.    The allegations contained in Paragraph 108 of Plaintiff's Complaint are admitted as to Trident.

109.    The allegations contained in Paragraph 109 of Plaintiff's Complaint are admitted as to Trident.

110.    Defendant admits that it understood the ACDV and that is reported Plaintiff's account as disputed.

111.   Defendant denies the allegations contained in Paragraph 111 of Plaintiff's
Complaint.

112.   The allegations contained in Paragraph 112 of Plaintiff's Complaint are denied as
to Trident.

113.   The allegations contained in Paragraph 113 of Plaintiff's Complaint are denied as
to Trident.

114.   The allegations contained in Paragraph 114 of Plaintiff's Complaint are denied as
to Trident.

COUNT ELEVEN:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681s-2(b)(1)(C) and (D)
(DCSE, PRO ACCOUNT MANAGEMENT, RJM, CREDIT COLLECTION and TRIDENT)

115.   The statement contained in Paragraph 115 of Plaintiff's Complaint requires no
response on the part of Defendant.

116.   Defendant admits that it reported Plaintiff's account as disputed.  To the extent
Defendant Trident understands the allegations contained in Paragraph 116 of Plaintiff's as
written, such allegations are denied.

117.   The allegations contained in Paragraph 117 of Plaintiff's Complaint are denied as
to Trident.

118.   The allegations contained in Paragraph 118 of Plaintiff's Complaint are denied as
to Trident.

119.   Defendant lacks knowledge or information sufficient to form a belief as to the
allegations contained in Paragraph 119 of Plaintiff's Complaint as such allegations are not
directed to this Defendant.

120.   The statement/allegation contained in Paragraph 120 of Plaintiff's Complaint is
vague and ambiguous.  As such, Defendant lacks knowledge or information sufficient to form a

belief as to the statement/allegation contained in Paragraph 120 of Plaintiff's Complaint and therefore denies the same.

121.    The allegations contained in Paragraph 121 of Plaintiff's Complaint are denied as to Trident.

122.    The allegations contained in Paragraph 122 of Plaintiff's Complaint are denied as to Trident.

123.    To the extent Defendant Trident itself was aware of the specific case law described in Paragraph 123 of Plaintiff's Complaint, Defendant denies same.

124.    The allegations contained in Paragraph 124 of Plaintiff's Complaint are admitted as to Trident.

125.    Defendant is not aware of any alleged mistake at this time.  Defendant Trident admits that it reported Plaintiff's account as disputed and used the "XB" code.

126.    Defendant denies any such "failure" as alleged in Paragraph 126 of Plaintiff's Complaint. As such, the allegations contained in Paragraph 126 of Plaintiff's are denied

127.    The allegations contained in Paragraph 127 of Plaintiff's Complaint are denied as to Trident.

128.    The allegations contained in Paragraph 128 of Plaintiff's Complaint are denied as to Trident.

129.    Any factual allegation contained in Plaintiff's Complaint not specifically admitted is hereby denied.

<u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

TRIDENT ASSET MANAGEMENT, LLC

By Counsel

_/s/ Mark R. Colombell_
Mark R. Colombell, VSB No. 48183
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Phone 804-698-6251
Fax 804-780-1813
Email:  mcolombell@t-mlaw.com
*Counsel for Defendant Trident Asset Management, LLC*

## CERTIFICATE OF SERVICE

      I certify that on December 21, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record and I further certify that a true and accurate copy of the same was served by U.S. mail, postage prepaid, this 21st day of December 2012, on the following parties:

Professional Account Management, LLC
c/o Corporation Service Company
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219

Credit Collection Services, Inc.
c/o Secretary of the Commonwealth
Service of Process Department
P O Box 2452
Richmond, VA 23218-2452

_____/s/_____

Mark R. Colombell, Esq. (VSB #48183)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Phone 804-698-6251
Fax 804-780-1813
Email: mcolombell@t-mlaw.com
*Counsel for Defendant Trident Asset Management, LLC*