IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SHANIKA K. BOYD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 3:12cv830 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RJM ACQUISITIONS, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, RJM Acquisitions, LLC ("RJM" and/or "Defendant"), Defendant in the above-referenced action and files this Answer in response to the Plaintiff's Complaint as follows:

JURISDICTION

1.      The statement contained in Paragraph 1 of Plaintiff's Complaint relates to a legal conclusion to which RJM is under no known obligation to respond.  To the extent a response is required, RJM lacks knowledge or information sufficient to form a belief as to the statement contained in Paragraph 1 of Plaintiff's Complaint.

2.      The statement contained in Paragraph 2 of Plaintiff's Complaint relates to a legal conclusion to which RJM is under no known obligation to respond.  To the extent a response is required, RJM lacks knowledge or information sufficient to form a belief as to the statement contained in Paragraph 2 of Plaintiff's Complaint.

PARTIES

3.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint as such allegations are not directed to RJM.

5.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint as such allegations are not directed to RJM.

6.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint as such allegations are not directed to RJM.

7.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint as such allegations are not directed to RJM.

8.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint as such allegations are not directed to RJM.

9.      RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint as such allegations are not directed to RJM.

10.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint as such allegations are not directed to RJM.

11.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint as such allegations are not directed to RJM.

12.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint as such allegations are not directed to RJM.

13.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint as such allegations are not directed to RJM.

14.     RJM admits its status as a limited liability and that its principal place of business is located in the Syosset, New York.  RJM admits that in certain circumstances it may meet the definition of a "debt collector" as that term is defined under the FDCPA.  RJM lacks knowledge or information sufficient to form a belief as to whether it meets such a definition with respect to Plaintiff's account.  RJM additionally admits that it is a "furnisher" as it understands such term to be used with respect to the FCRA.

15.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint as such allegations are not directed to RJM.

16.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint as such allegations are not directed to RJM.

## FACTS

17.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same

4

28.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

COUNT ONE:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.SC § 1681b(f)
(RJM, TRIDENT and CAVALRY)

44.     RJM restates and realleges its responses to paragraphs 1-43 of the Complaint.

45.     RJM denies allegations contained in Paragraph 45 of the Complaint.

46.     RJM denies the allegations contained in Paragraph 46 of Complaint.

47.     RJM denies the allegations contained in Paragraph 47 of the Complaint.

48.     RJM denies the allegations contained in Paragraph 48 of the Complaint.

COUNT TWO:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681b
(EQUIFAX, EXPERIAN and TRANS UNION)

49.     RJM restates and realleges its responses to paragraphs 1-48 of the Complaint.

50.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Complaint as such allegations are not directed to RJM.

51.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of Plaintiff's Complaint as such allegations are not directed to RJM.

52.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Complaint as such allegations are not directed to RJM.

53.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Complaint as such allegations are not directed to RJM.

COUNT THREE:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681e(a)
(EQUIFAX, EXPERIAN and TRANS UNION)

54.     RJM restates and realleges its responses to paragraphs 1-53 of the Complaint.

55.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Complaint as such allegations are not directed to RJM.

56.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Complaint as such allegations are not directed to RJM.

57.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of Plaintiff's Complaint as such allegations are not directed to RJM.

58.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Complaint as such allegations are not directed to RJM.

COUNT FOUR:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681e(B)
(EQUIFAX, EXPERIAN and TRANS UNION)

59.     RJM restates and realleges its responses to paragraphs 1-58 of the Complaint.

60.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Complaint as such allegations are not directed to RJM.

61.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Complaint as such allegations are not directed to RJM.

62.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Complaint as such allegations are not directed to RJM.

63.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Complaint as such allegations are not directed to RJM.

COUNT FIVE:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681a(1)
(EQUIFAX, EXPERIAN and TRANS UNION)

64.     RJM restates and realleges its responses to paragraphs 1-63 of the Complaint.

65.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Complaint as such allegations are not directed to RJM.

66.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of Plaintiff's Complaint as such allegations are not directed to RJM.

67.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiff's Complaint as such allegations are not directed to RJM.

68.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiff's Complaint as such allegations are not directed to RJM.

COUNT SIX:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681i(a)(2)(A)
(EQUIFAX, EXPERIAN and TRANS UNION)

69.    RJM restates and realleges its responses to paragraphs 1-68 of the Complaint.

70.    RJ, lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiff's Complaint as such allegations are not directed to RJM.

71.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of Plaintiff's Complaint as such allegations are not directed to RJM.

72.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiff's Complaint as such allegations are not directed to RJM.

73.    RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Complaint as such allegations are not directed to RJM.

COUNT SEVEN:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681i(a)(4)
(EQUIFAX, EXPERIAN and TRANS UNION)

74.    RJM restates and realleges its responses to paragraphs 1-73 of the Complaint.

75.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of Plaintiff's Complaint as such allegations are not directed to RJM.

76.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of Plaintiff's Complaint as such allegations are not directed to RJM.

77.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of Plaintiff's Complaint as such allegations are not directed to RJM.

78.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of Plaintiff's Complaint as such allegations are not directed to RJM.

**COUNT EIGHT:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681I(a)(5)(A)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

79.     RJM restates and realleges its responses to paragraphs 1-78 of the Complaint.

80.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiff's Complaint as such allegations are not directed to RJM.

81.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiff's Complaint as such allegations are not directed to RJM.

82.     RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of Plaintiff's Complaint as such allegations are not directed to RJM.

83.     RJM lacks knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 83 of Plaintiff's Complaint as such allegations are not

directed to RJM.

COUNT NINE:  VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681s-2(b)(1)(A)
(DCSE, RJM, TRIDENT, PRO ACCOUNT MANAGEMENT, CREDIT COLLECTION)

84.     RJM restates and realleges its responses to paragraphs 1-83 of the Complaint.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint are denied as

to RJM.

86.     RJM admits that it receives disputes through the e-OSCAR system.  RJM lacks

knowledge or information sufficient to form a belief as to the remaining allegations contained in

Paragraph 86 of Plaintiff's Complaint and therefore denies the same.

87.     RJM lacks knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 87 of Plaintiff's Complaint as such allegations are not

directed to RJM.

88.     RJM admits that it processes disputes received through the e-OSCAR system

using the Automated Consumer Dispute Verification ("ACDV") format.

89.     RJM admits that it is not aware of any complaints submitted to the CRAs

regarding information received as it relates to the instant matter.

90.     RJM admits that it is aware that it may contact a CRA to obtain more information

regarding a consumer's dispute.

91.     RJM admits that a CRA forwarded an ACDV with respect to Plaintiff.

92.     RJM admits that it reported Plaintiff's account as disputed in the ACDV.

93.     RJM admits that it reported Plaintiff's account as disputed in the ACDV.  RJM lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     The allegations contained in Paragraph 94 of Plaintiff's Complaint are denied as to RJM.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint are denied as to RJM.

96.     RJM denies the allegations contained in Paragraph 96 of Plaintiff's Complaint as to RJM.

97.     RJM denies the allegations contained in Paragraph 97 of Plaintiff's Complaint as to RJM.

98.     The statement contained in Paragraph 98 of Plaintiff's Complaint relates to a legal conclusion to which RJM is under no known obligation to respond.

99.     To the extent RJM itself is aware of the specific case law identified in Paragraph 99 of Plaintiff's Complaint, the allegation contained in Paragraph 99 of Plaintiff's Complaint is denied.

100.    Upon information and belief, the allegations are Paragraph 100 are admitted.

101.    RJM is not aware of any mistake at this time.

102.    RJM denies any such "failure" as alleged in Paragraph 102 of Plaintiff's Complaint. As such, the allegations contained in Paragraph 102 of Plaintiff's are denied.

103.    The allegations contained in Paragraph 103 of Plaintiff's Complaint are denied as to RJM.

104. The allegations contained in Paragraph 104 of Plaintiff's Complaint are denied as to RJM.

## COUNT TEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(B)
## (DCSE, RJM, TRIDENT, PRO ACCOUNT MANAGEMENT, CREDIT COLLECTION)

105. RJM restates and realleges its responses to paragraphs 1-104 of the Complaint.

106. RJM denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. RJM admits that it uses the e-OSCAR system.

108. The allegations contained in Paragraph 108 of Plaintiff's Complaint are admitted as to RJM.

109. The allegations contained in Paragraph 109 of Plaintiff's Complaint are admitted as to RJM.

110. RJM admits that it understood the ACDV and that it reported Plaintiff's account as disputed. The remaining factual allegations in Paragraph 110 are denied.

111. RJM denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112. The allegations contained in Paragraph 112 of Plaintiff's Complaint are denied as to RJM.

113. The allegations contained in Paragraph 113 of Plaintiff's Complaint are denied as to RJM.

114. The allegations contained in Paragraph 114 of Plaintiff's Complaint are denied as to RJM.

## COUNT ELEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
## (DCSE, PRO ACCOUNT MANAGEMENT, RJM, CREDIT COLLECTION and TRIDENT)

115. RJM restates and realleges its responses to paragraphs 1-114 of the Complaint.

116.   RJM admits that it reported Plaintiff's account as disputed.  To the extent RJM understands the allegations contained in Paragraph 116 of Plaintiff's as written, such allegations are denied.

117.   The allegations contained in Paragraph 117 of Plaintiff's Complaint are denied as to RJM.

118.   The allegations contained in Paragraph 118 of Plaintiff's Complaint are denied as to RJM.

119.   RJM lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119 of Plaintiff's Complaint as such allegations are not directed to RJM.

120.   The statement/allegation contained in Paragraph 120 of Plaintiff's Complaint is vague and ambiguous.  As such, RJM lacks knowledge or information sufficient to form a belief as to the statement/allegation contained in Paragraph 120 of Plaintiff's Complaint and therefore denies the same.

121.   The allegations contained in Paragraph 121 of Plaintiff's Complaint are denied as to RJM.

122.   The allegations contained in Paragraph 122 of Plaintiff's Complaint are denied as to RJM.

123.   To the extent Defendant RJM itself was aware of the specific case law described in Paragraph 123 of Plaintiff's Complaint, RJM denies same.

124.   The allegations contained in Paragraph 124 of Plaintiff's Complaint are admitted as to RJM.

125.    RJM is not aware of any alleged mistake at this time.  RJM admits that it reported Plaintiff's account as disputed and used the "XB" code.

126.    RJM denies any such "failure" as alleged in Paragraph 126 of Plaintiff's Complaint. As such, the allegations contained in Paragraph 126 of Plaintiff's are denied

127.    The allegations contained in Paragraph 127 of Plaintiff's Complaint are denied as to RJM.

128.    The allegations contained in Paragraph 128 of Plaintiff's Complaint are denied as to RJM.

129.    Any factual allegation contained in Plaintiff's Complaint not specifically admitted is hereby denied.

<u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

<u>SECOND DEFENSE</u>

The Plaintiff's consumer report was pulled for a permissible purpose.

WHEREFORE, RJM Acquisitions, LLC, prays that the Complaint be dismissed with prejudice; that judgment be granted to RJM Acquisitions, LLC, and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

RJM ACQUISITIONS, LLC,

By Counsel

_____/s/ Mark R. Colombell_____

Mark R. Colombell, VSB No. 48183
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Phone 804-698-6251
Fax 804-780-1813
Email:  mcolombell@t-mlaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on January 17, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record and I further certify that a true and accurate copy of the same was served by U.S. mail, postage prepaid, this 17th day of January 2013, on the following parties:

Professional Account Management, LLC
c/o Corporation Service Company
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219

_____/s/_____

Mark R. Colombell, Esq. (VSB #48183)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Phone 804-698-6251
Fax 804-780-1813
Email:  mcolombell@t-mlaw.com
*Counsel for Defendant*