**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**SHANIKA K. BOYD,**

       **Plaintiff,**

**v.**                                     **CIVIL NO. 3:12-cv-00830**

**EQUIFAX INFORMATION SERVICES, LLC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC., PROFESSIONAL ACCOUNT
MANAGEMENT, LLC., CREDIT COLLECTION
SERVICES, INC., RJM ACQUISITIONS, LLC.,
TRIDENT ASSET MANAGEMENT, LLC.,
CAVALRY PORFOLIO SERVICES, LLC.,**

       **Defendants.**

**PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES**

COMES NOW the Plaintiff, **SHANIKA K. BOYD**, by counsel, and makes the

following disclosures:

**I. Individuals likely to have discoverable information**

    a.     Plaintiff, Shanika Boyd
             c/o Surovall, Isaacs Peterson & Levy, PLC.
             4010 University Drive, Suite 200
             Fairfax, VA  22030.

             *All facts.*

    b.     Employees of Experian Information Solutions, Inc.

             *All facts regarding the subject matter of the Complaint.*

    c.     Employees of Trans Union, LLC.

             *All facts regarding the subject matter of the Complaint.*

    d.     Employees of Equifax Information Services, LLC.

*All facts regarding the subject matter of the Complaint.*

e.      Employees of Professional Account Management

*All facts regarding the subject matter of the Complaint.*

f.      Employees of Credit Collection Services, Inc.

*All facts regarding the subject matter of the Complaint.*

g.      Employees of RJM Acquisitions, LLC.

*All facts regarding the subject matter of the Complaint*

h.      Employees of Trident Asset Management, LLC.,

*All facts regarding the subject matter of the Complaint.*

i.      Employees of Cavalry Portfolio Services, LLC.

*All facts regarding the subject matter of the Complaint.*

j.      Employees of the Department of Child Support Enforcement
Arlington District Office
2900 South Quincy Street, Suite 320
Arlington, VA  22206

*All facts regarding the status of the Plaintiff's account including the credit reporting associated with this account.*

k.      Rayfield Boyd, Plaintiff's Husband
c/o Surovall, Isaacs Peterson & Levy, PLC.
4010 University Drive, Suite 200
Fairfax, VA  22030.

*All facts regarding the Plaintiff.*

l.      Barclays Bank Delaware
P.O. Box 8803
Wilmington, DE 19899

*All facts regarding the credit information including a credit report and/or credit score received from Trans Union on or about May 23, 2012 with regard to the Plaintiff.*

m.      Sallie Mae
        1002 Arthur Drive
        Lynn Haven, FL 32444

        *All facts regarding the credit information including a credit report and/or credit score received from Trans Union on or about July 28, 2011, January 11, 2011, January 5, 2011 and January 3, 2011 with regard to the Plaintiff and the resulting credit denial of student loans for the Plaintiff's education.*

n.      Navy Federal Credit Union
        P.O. Box 3700
        Merrifield, VA  22119

        *All facts regarding the credit information including a credit report and/or credit score received from Trans Union on or about September 27, 2011 with regard to the Plaintiff*

o.      Nissan Motor Acceptance Corporation
        P.O. Box 660360
        Dallas, TX 75266-0630

        *All facts regarding the application for credit by the Plaintiff on or about July 6, 2012, the credit scores and/or credit reports reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about July 6, 2012 .*

p.      Employees of Sallie Mae
        P.O. Box 9500
        Wilkes-Barre, PA 18773-9500

        *All facts regarding the Plaintiff's application for a Smart Option Student Loan on or about July 28, 2011, the credit scores and/or credit reports reviewed in connection with Plaintiff's credit application and the reasons for the denial of credit on or about July 28, 2012 .*

q.      Employees of Sallie Mae
        P.O. Box 9500
        Wilkes-Barre, PA 18773-9500

        *All facts regarding the Plaintiff's application for a student loan on or about July 9, 2012, the credit scores and/or credit reports*

3

*reviewed in connection with Plaintiff's credit application and the
reasons for the denial of credit on or about July 9, 2012 .*

r.      Employees of ING Direct (ING Bank, FSB)
        Attn:  Credit Operations Department
        P.O. Box 60
        St. Cloud, MN 56302-0060

        *All facts regarding the Plaintiff's application for an Electric
        Orange checking and overdraft account on or about April 17,
        2012, the credit scores and/or credit report reviewed in
        connection with the Plaintiff's credit application and reasons for
        the denial of credit on or about April 17, 2012.*

s.      Employees of Card Services
        P.O. Box 8828
        Wilmington, DE 19899-8828

        *All facts regarding the application for credit by the Plaintiff for a
        Barclaycard on or May 23, 2012, the credit scores and/or credit
        reports reviewed in connection with Plaintiff's credit application
        and the reasons for the denial of credit on or about May 23,
        2012.*

t.      Alexis McCray Kenon
        c/o Michael C. Fasano
        Olmstead & Olmstead, P.C.
        9304 Peabody Street
        Manassas, VA  20110.

        *All facts regarding using the Plaintiff's identification and all
        facts regarding driving the Plaintiff's vehicle tha tresulted in
        traffic tickets and the collection of the Professionaal Account
        Management account against the Plaintiff.*

u.      Evan Hendricks
        8321 Tomlinson Avenue
        Bethesda, MD 20817

        *Expert Witness*

v.      Unknown persons as may be revealed in discovery.

wv.     All witnesses identified by each of the Defendants.

## II.  Description of documents in possession of the Plaintiff.

Other than those documents obtained from any Defendant in discovery, the Plaintiffs have the following documents in their possession and control:

Plaintiff's Bate Stamp Nos.   000001-000314 (*Plaintiff's Bate Stamped Exhibits will be forwarded to counsel for the Defendants, under separate cover*).

| Plaintiff's Exhibit | Bate Stamp # |
|---|---|
| September 20, 2010 – Credit Diagnosis Tri-Merge Consumer Credit Report | 000001 – 000023 |
| Trans Union Consumer Disclosures, Disputes and Investigation Results | 000024 – 000086 |
| Experian Consumer Disclosures, Disputes and Investigation Results | 000087 – 000171 |
| Equifax Consumer Disclosures, Disputes and Investigation Results | 000172 – 000237 |
| DCSE – Correspondence and Support Orders | 000238 – 000258 |
| Criminal Record Information regarding Alexis McCray Kenon | 000259-000301 |
| Denial of Credit Letters | 000302 – 000312 |
| Leave of Absence Contract | 000313 - 000314 |

## III. Computation of Damages

### Itemization Of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter.  These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages.  *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997).   Such damages will be determined by the jury in this matter.

### Categories and types of Actual Damages

i.      Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

ii.     Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

iv. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.

v. Plaintiff has suffered general damages in the form of damage to reputation.

vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in her credit reports.

viii. The damage to Plaintiff's credit score may also have impacted the interest rates she may have on current loans, credit she has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.

ix. Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

xi. Plaintiff has also suffered embarrassment from having to explain herself to potential creditors as well. Plaintiff suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about her.

## Case Law Supporting Actual Damages

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores,* (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc*., 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*, (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c.    **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in her credit files.

On or about July 29, 2011 Plaintiff was denied a student loan with Sallie Mae.

Plaintiff was forced to take a leave of absence from college because she was unable to obtain student loans to complete her education in September 2011.

On or about April 17, 2012 Plaintiff was denied for a Electric Orange checking and overdraft account with ING Direct after a review of her Equifax Credit Report/Credit Score.

On or about July 6, 2012, Plaintiff was denied credit from Nissan Motor Acceptance after review of her CSC Credit Services (Equifax) credit report/credit score.

On or about August 4, 2012 Plaintiff was denied for a student loan with Sallie Mae.

It is the Plaintiff's understanding, as summarized through her counsel, that each of the credit reports utilized contained the inaccurate derogatory accounts and inaccurate information at issue in this case.

d.    **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).  Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e.      **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive

damages).

Plaintiff reserves the right to further supplement these disclosures.

**SHANIKA K. BOYD**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@cox.net

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
SUROVELL, ISAACS, PETERSEN &
LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: srotkis@clalegal.com
_Counsel for Plaintiff_

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 19th day of  February, 2013,  I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ian E. Smith
King & Spalding (GA-NA)
1180 Peachtree St NE
Atlanta, GA 30309-3521
Email: iesmith@kslaw.com

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

*Counsel for Equifax*

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

Virginia Bell Flynn
Troutman Sanders LLP (Richmond)
1001 Haxall Point
Richmond, VA 23219
Email: virginia.flynn@troutmansanders.com

*Counsel for Experian*

Michael Robert Ward
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
Email: mward@morrismorris.com

*Counsel for Trans Union*

Mark Richard Colombell
Thompson McMullan PC
100 Shockoe Slip
3rd Fl
Richmond, VA 23219-4140
Email: mcolombell@t-mlaw.com

*Counsel for Credit Collection Services, Inc.,*
*RJM Acquisitions, LLC., Trident Asset*
*Management, LLC., and Cavalry Portfolio*
*Services, LLC.*

John MacDonald Robb, III
LeClair Ryan, PC
951 E. Byrd Street
P.O. Box 2499
Richmond, VA  23218-2499

*Counsel for Professional Account Management, LLC.*

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@cox.net
