IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHANIKA K. BOYD,

    Plaintiff,

v.                        Civil Action No. 3:12cv830

EQUIFAX INFORMATION
SERVICES, LLC, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before this Court on Plaintiff Shanika K. Boyd's ("Ms. Boyd") MOTION FOR RULE 37(c)(1) SANCTIONS (Docket No. 57) against Defendant RJM Acquisitions, LLC ("RJM"). For the reasons set forth below, PLAINTIFF'S MOTION FOR RULE 37(c)(1) (Docket No. 57) will be denied.

## BACKGROUND

On November 13, 2012, Ms. Boyd filed a Complaint (Docket No. 1) against numerous defendants, including RJM Acquisitions, LLC ("RJM"), alleging numerous violations of the Fair Credit Reporting Act. See Pl.'s Compl. For purposes of this motion, only the facts relating to Count Nine are relevant.

On May 4, 2012, Ms. Boyd obtained a copy of her credit report from Trans Union, LLC ("Trans Union"), which included delinquent accounts that allegedly were not hers. Compl. ¶ 35.

On May 9, 2012, Ms. Boyd sent a written dispute letter to Trans Union notifying the credit reporting agency that the accounts did not belong to her and that she had been the victim of identity theft. Id. Ms. Boyd sent a follow-up letter to Trans Union on June 7, 2012. Id. ¶ 37. Upon receiving Ms. Boyd's dispute, Trans Union forwarded it to RJM in the form of an automated consumer dispute verification ("ACDV"). Id. ¶ 91. After receiving an ACDV, a creditor has a statutory obligation to investigate the dispute. 15 U.S.C. § 1681s-2(b)(1)(A). Ms. Boyd alleges that, upon receiving the ACDV from Trans Union, RJM never conducted a proper investigation. Compl. ¶ 85.

RJM, the only remaining defendant of the original nine, filed its Answer (Docket No. 28) on January 17, 2013. On February 19, 2013, both parties filed initial disclosures under Rule 26(a)(1). See Pl.'s FRCP 26(a)(1) Disclosures, ECF No. 42; Pl.'s Mem. in Supp. of its Mot. for Sanctions, Ex. 2, ECF No. 58. RJM's mandatory disclosures listed four individuals likely to have discoverable information and two pertinent documents. See Pl.'s Mem., Ex. 2. The disclosure stated: "hard copies of all documents listed are available for inspection at the office of Thompson McMullan." Id. The following day, the parties appeared before this Court for an initial pretrial conference, at which a trial date of July 10, 2013, and a discovery completion date of May 24, 2013, were set. See Jury Initial

2

Pretrial Order, ECF No. 45; see also Pl.'s Mem. at 4; Def.'s Mem. in Opp. to Pl.'s Mot. 3, ECF No. 62.

On March 11, 2013, RJM moved for leave to substitute attorneys (Docket No. 52); and, on April 1, 2013, this Court granted the motion (Docket No. 59). The changeover required the transfer of large amounts of information related to this case, including fifty-six pleadings and two Redweld file folders of documents. Def.'s Mem. at 1-2.

On March 18, 2013, Ms. Boyd served her First Set of Interrogatories and Requests for Production of Documents on RJM. Pl.'s Mem. at 5. Eleven days later, on March 29, 2013, RJM had not produced the requested documents and Ms. Boyd filed this Motion for Rule 37(c)(1) Sanctions (Docket No. 57). Four days after Ms. Boyd filed that motion, on April 2, 2013, RJM responded to her request for documents by sending a total of nine pages to Ms. Boyd. See Def.'s Mem., Ex. 1.[1] On April 8, 2013, RJM filed its Memorandum in Opposition to this motion (Docket No. 62), and on April 16, 2013, Ms. Boyd filed her Reply (Docket No. 63).

---

[1] Also, on April 10, 2013, counsel for Ms. Boyd deposed the RJM employee who handled Ms. Boyd's ACDV dispute. Pl.'s Reply at 6, ECF No. 63.

3

## DISCUSSION

Under Rule 26(a):

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ; [and]
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control . . . .

Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Under Rule 26(e),

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(A)-(B).

Unless a party provides the information, whether documents or the identity of persons with discoverable information, required by Rule 26(a), or the information about experts required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a

4

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[2] Obviously that sanction cannot be imposed unless the party is shown to have violated either Rule 26(a) or (e).

The issue on which the finding of a violation of Rule 26 turns is whether the nine pages of documents that RJM provided to Ms. Boyd were "supplemental" to RJM's initial disclosure under Rule 26. The answer is straightforward: the nine pages turned over to Ms. Boyd on April 2, 2013, did not supplement anything. Instead, the pages were provided in response to the First Set of Interrogatories and Requests for Production of Documents Ms. Boyd served on RJM on March 18, 2013. Therefore, the applicable rule is Rule 34(b)(2), not Rule 26. Rule 34(b)(2) gives a party thirty days to respond to requests for documents. As shown, RJM produced the requested documents fifteen days after receiving the request – well within the thirty-day period.

On this record, the Court cannot conclude that RJM has violated either Rule 26 or Rule 34. Hence, no sanction can, or should, be imposed. Ms. Boyd's motion is, in fact, a preemptive bid to foreclose RJM from using any evidence not disclosed under

---

[2] As the Advisory Committee Notes explain, Rule 37(c)(1) "prevents a party from using as evidence any witnesses or information that without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1)." The Notes refer to the sanction as "automatic" and "self-executing."

Rule 26 and Rule 24. That anticipatory strike is borne of Ms. Boyd's belief, perhaps an accurate one, that RJM is bound to have more information that it has disclosed under Rule 26 or produced under Rule 34. If Ms. Boyd is correct, then RJM will have forfeited the right to use the undisclosed information. That issue will be mature at the Final Pretrial Conference. It is not mature now.

## CONCLUSION

For the foregoing reasons, the Plaintiff's MOTION FOR RULE 37(c)(1) SANCTIONS (Docket No. 57) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 14, 2013

6